UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT BARR, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 1:17-cv-0193-TWP-MPB |
| STATE OF INDIANA, | ) ) ) |
| Defendant. | ) ) |

**Entry Dismissing Insufficient Claims and Directing Further Proceedings**

**I.**

The plaintiff's motion to proceed *in forma pauperis* [dkt. 2] is **denied as presented**. The plaintiff shall have **through February 27, 2017,** in which to either pay the $400.00 filing fee for this action or demonstrate that he lacks the financial ability to do so. If he seeks leave to proceed *in forma pauperis*, his request must be accompanied by a certificate of his inmate trust account (or institutional equivalent) during the 6-month period preceding the filing of the complaint on January 18, 2017.

**II. Screening**

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), the complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). This statute directs that the Court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam)

(citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)). The purpose of this requirement is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)(citing *Conley v. Gibson,* 355 U.S. 41, 47 (1957)); *see also Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir. 1993)(noting that the main purpose of Rule 8 is rooted in fair notice: a complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.") (quotation omitted)). The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)).

Here, Mr. Barr alleges that on July 14, 2016, he was arrested while an inmate at the New Castle Correctional Facility and transported to the Marion County Jail, where he remains to date. He alleges that once at the Jail, the defendant State of Indiana, through the Marion County Prosecutor, failed to bring him before the Marion County Court for an initial hearing and the setting of bail. This failure, Mr. Barr alleges, resulted in a constitutional deprivation.

The State of Indiana is **dismissed** as a defendant because the Eleventh Amendment immunity bars suits against states and their agencies regardless of the relief sought, whether damages or injunctive relief. *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 58 (1996); *Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89, 102 (1984). In addition, states and their agencies are not "persons" subject to suit pursuant to 42 U.S.C. § 1983 under the circumstances alleged in Mr. Barr's complaint. *Will v. Michigan Department of State Police,* 491 U.S. 58 (1989).

## III. Further Proceedings

Mr. Barr shall have **through February 27, 2017,** in which to show cause why Judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.")

**IT IS SO ORDERED.**

Date: 1/26/2017

*[signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Robert Barr
Marion County Jail II
Inmate Mail/Parcels
730 East Washington Street
Indianapolis, IN 46202